## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                           No. CR 21-1938 RB

AMBER NICOLE KERR,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant Amber Kerr's Motion to Modify Sentence Pursuant to the Dictates of Title 18, United States Code, Section 3582(c)(2), filed on November 30, 2023. (Doc. 27.) The Federal Public Defender reviewed the motion pursuant to Administrative Order No. 23-MC-0004-22 and filed a notice declining to request a sentence reduction on Kerr's behalf. (*See* Doc. 29.) The Government opposes the requested relief. (Doc. 30.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

### I.     Background

On December 22, 2021, Kerr pled guilty to an Information charging (1) possession with intent to distribute fentanyl under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; and (2) possession with intent to distribute heroin under 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. (*See* Docs. 17–18.) The charges stemmed from the traffic stop of Amber Kerr after officers received information that she was traveling with fentanyl, heroin, and a firearm. (*See* Doc. 19 ¶ 9.) Kerr admitted ownership of the firearm, which officers found in her purse. (*See id.*)

Kerr received an upward adjustment due to possession of the dangerous weapon and a downward adjustment for acceptance of responsibility. (*See id.* ¶¶ 16, 20, 27–28.) Based on a total

offense level of 23 with a criminal history category of I, Kerr was subject to a guideline imprisonment range of 46–57 months. (*See id.* ¶¶ 28, 35, 64.) On June 14, 2022, the Court sentenced Kerr to 46 months' imprisonment followed by three years of supervised release. (Doc. 26.)

Kerr did not appeal her sentence. She now moves to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. (Doc. 27.) The United States opposes the motion. (Doc. 30.)

## II.    Analysis

A court may modify a sentence in limited circumstances. *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Relevant here, the Court may reduce a sentence where the "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2); *see also United States v. Smartt*, 129 F.3d 539, 540–41 (10th Cir. 1997).

Kerr bases her motion on § 3582(c)(2) and Amendment 821 of the Sentencing Guidelines. (*See* Doc. 27.) Amendment 821 of the Guidelines went into effect on November 1, 2023, and applies retroactively. *See* 88 Fed. Reg. 28254 (May 3, 2023); U.S.S.G. § 1B1.10(e)(2). "Part A of Amendment 821 limits the criminal history impact of 'Status Points' in § 4A1.1" by striking subsection (d), "which added two points if the offense was committed while under a criminal justice sentence." *See United States v. Clark*, No. 1:22-cr-0374 KWR, 2023 WL 6847539, at *3 (D.N.M. Oct. 17, 2023). Kerr's sentence does not include this enhancement and, consequently, she is not eligible for a sentence reduction based on Part A. (*See* Doc. 19.)

Part B of Amendment 821 creates U.S.S.G. § 4C1.1, which provides for a two-offense-level reduction for offenders with zero criminal history points. Defendants must meet all following

criteria to be eligible for the two-level reduction:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defense in 21 U.S.C. 848 . . . .

U.S.S.G. 4C1.1(a). Kerr is ineligible for the two-level reduction because she had one criminal history point for an aggravated DWI conviction and because she possessed a firearm in connection with the current offenses. (*See* Doc. 19 ¶¶ 20, 33.)

Because Kerr does not qualify for a sentence reduction pursuant to Amendment 821, the Court lacks jurisdiction to reduce her sentence.

**IT IS THEREFORE ORDERED** that Kerr's Motion to Modify Sentence (Doc. 27) is **DISMISSED**.


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE